UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE BEARD                                    CIVIL ACTION

VERSUS                                          NO: 13-4772

CRANE PAUL WOLF, ET AL.                          SECTION: "A" (5)

## ORDER

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 53)** filed by defendants Pat Dunn and Scott Perrilloux. Plaintiff Janice Beard opposes the motion. The motion, noticed for submission on July 16, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I.    Background

Plaintiff Janice Beard brings this action pursuant to 42 U.S.C. § 1983 against defendants Deputy Crane Paul Wolf, Sheriff Daniel Edwards, Scott Perrilloux in his <u>official</u> capacity as the District Attorney for the Parish of Tangipahoa, and Pat Dunn in his <u>official</u> capacity as Assistant District Attorney for the Parish of Tangipahoa.[1]

This action arises out of plaintiff Janice Beard's arrest on February 22, 2013. Beard was a passenger in a vehicle that was attempting to exit a parking spot at a bar located in Hammond, Louisiana. (Comp. ¶ 6). The vehicle made contact with another vehicle and someone called 911. Defendant Wolf responded to the call. Beard contends that Wolf was belligerent and for no apparent reason pulled her from the vehicle, maced her, and threw her to the ground. (*Id.* ¶ 10). Beard contends that she was then arrested without probable cause

---

[1] Plaintiff's Fourth Amended complaint expressly states that the district attorney defendants are sued in their <u>official</u> capacities. (Rec. Doc. 45, Fourth Amended Complaint ¶¶ 3E & 3F). In contrast, the pleadings naming Crane Paul Wolf are express in that he is being sued both individually and in his official capacity. (Rec. Doc. 1, Comp. ¶¶ 3A, 33; Rec. Doc. 3, First Amended Comp. ¶ 3A).

and subjected to excessive force in the process. (*Id.* ¶¶ 11-2).

Beard alleges that she was denied timely medical treatment and food service while being held at the jail, and deprived of her personal belongings because she lacked the cash fee to obtain them. (*Id.* ¶¶ 13-14, 18). The complaint against Wolf and the official capacity claims against Sheriff Daniel Edwards are brought pursuant to § 1983 and state law.

Plaintiff was charged with resisting an officer, battery of a police officer, and disturbing the peace. (Rec. Doc. 45, Fourth Amended Complaint ¶ 80). Those charges were nolle prossed on April 28, 2014. Plaintiff amended her complaint to join claims against Perrilloux and Dunn (referred to at times collectively as "the District Attorney Defendants") for malicious prosecution. Beard contends that the District Attorney Defendants failed to properly investigate the case before charging her and failed to properly weigh all of the exculpatory evidence in her favor that ultimately led to the dismissal of all charges. (*Id.* ¶ 82). Beard contends there was no probable cause to support the charges against her. (*Id.* ¶ 81(d)).

A jury trial in this matter is scheduled to commence on February 9, 2015. (Rec. Doc. 63).

The District Attorney Defendants now move to dismiss all claims. They argue that the allegations fail to support a claim against them in their official capacities and that any derivative state law claims are barred by absolute immunity.

## II.   Discussion

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v.*

*Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The Court begins its analysis by noting that the District Attorney Defendants reasonably devoted their briefing to the issue of whether the claims against them in their official capacities are viable.[2] This course of action was reasonable because according to her own pleadings Beard only sued the District Attorney Defendants in their official capacities, *see* note 1, *supra*, and the pleadings cannot be expanded via an opposition memorandum. For completeness, and because the District Attorney Defendants did discuss absolute immunity, which does not apply to official capacity claims, the Court nonetheless will address the allegations in the context of both capacities.

---

[2] The Court makes this observation because Beard's opening salvo in her opposition is the suggestion (made with emphasis) that the District Attorney Defendants simply overlooked that they were sued in their official *and* individual capacities. (Rec. Doc. 59, Opposition at 1).

In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that a state prosecutor enjoys absolute immunity from § 1983 suits for the initiation and pursuit of a criminal prosecution. In the aftermath of *Imbler*, the Court has expounded upon the contours of absolute immunity by clarifying that the application of absolute prosecutorial immunity follows a functional approach based on the specific activities that give rise to the cause of action. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). That is, the actions of a prosecutor are not absolutely immune merely because they are preformed by a prosecutor. *Buckley*, 509 U.S. at 273. Qualified immunity is the norm and it will replace absolute immunity when the prosecutor engages in certain functions outside the scope of his prosecutorial role such as providing legal advice to law enforcement, *Burns*, 500 U.S. at 495-96, or making statements to the press, *Buckley*, 509 U.S. at 277. But the crux of *Imbler* and it progeny is that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to the protections of absolute immunity. *Buckley*, 509 U.S. at 273. The acts involved need not take place in the courtroom. *Id.* at 272. And perhaps even more importantly, when the activities giving rise to the cause of action do occur in the prosecutor's role as an advocate for the state, his motivations and intentions are irrelevant to whether absolute immunity applies, as are allegations of maliciousness, recklessness, dishonesty, or just plain negligence. *Imbler*, 424 U.S. at 427. In other words, once the functional test is satisfied, the immunity is unconditional.

Beard's complaint is that the District Attorney Defendants charged her in the absence of probable cause either because they were remiss in conducting a proper investigation of their own or because they were negligent in evaluating the Sheriff's evidence against her. These allegations fall squarely within the contours of absolute prosecutorial immunity. As

the Court suggested in *Imbler*, the protection of absolute prosecutorial immunity is at its zenith when charging decisions are involved. *See Imbler*, 454 U.S. at 421. And because the immunity is unconditional, Beard's unpleaded allegation of collusion, *i.e.*, that the District Attorney Defendants charged her at the Sheriff's behest in order to give the Sheriff leverage in this civil suit, is irrelevant to the immunity analysis.

Beard relies on this Court's recent ruling denying a motion to dismiss in a malicious prosecution case. (Rec. Doc. 59, Opposition at 4-5 (citing *James v. Woods*, No. 14-216, 2014 WL 1896760 E.D. La. May 12, 2014)). Beard's reliance on the *James* ruling is woefully misplaced. The defendants in the James case are all private, non-state actors so the causes of action are not brought under § 1983. Therefore, neither absolute nor qualified immunity was at issue in that case.

In sum, Beard's claims against the District Attorney Defendants individually are barred by absolute immunity. The action is therefore DISMISSED as to these defendants in their individual capacities.

The official capacity claims against the District Attorney Defendants are governed by the municipality liability principles derived from *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), and its progeny. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). A local governmental entity may be liable under § 1983 if the entity itself causes a person to be subjected to a deprivation of his rights. *Connick*, 131 S. Ct. at 1359 (*quoting Monell*, 436 U.S. at 692). The entity will not be vicariously liable for the constitutional torts of its employees. *Id.* A plaintiff who seeks to impose liability on a municipality must prove that the acts that deprived her of her rights were taken pursuant to a municipal policy, as promulgated by the final policymaker for the municipality. *See id.*

Although the complaint contains no allegations to this effect, the Court assumes that

District Attorney Scott Perrilloux is the final policymaker for his office. Nonetheless, the Fourth Amended Complaint contains no allegations whatsoever that pertain to a municipal policy of any kind as being the moving force behind the alleged deprivation of Beard's federal rights.

In sum, the complaint fails to state a federal claim against the District Attorney Defendants in their official capacities. The action is therefore DISMISSED as to these defendants in their official capacities.

The District Attorney Defendants have made immunity arguments grounded in state law. To the extent that Beard has alleged any supplemental state law claims against the District Attorney Defendants, the Court, having dismissed all federal claims, declines to exercise jurisdiction over those state claims, and they will be DISMISSED but without prejudice. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 53)** filed by defendants Pat Dunn and Scott Perrilloux is **GRANTED**. All federal claims against them are **DISMISSED WITH PREJUDICE**. All state claims are **DISMISSED WITHOUT PREJUDICE**. Further, the Court determines that there is no just reason to delay entry of a judgment so a final judgment in favor of defendants Dunn and Perrilloux will be entered in accordance with Rule 54(b).

July 22, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE