MINUTE ENTRY
NORTH, M.J.
OCTOBER 29, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE BEARD                                              CIVIL ACTION

VERSUS                                                    NUMBER:  13-4772

CRANE PAUL WOLF, ET AL.                                   SECTION:  "A"(5)

## HEARING ON MOTION

COURT REPORTER:  Karen Ibos

APPEARANCES:     Glen Galbraith, Willie Johnson, Keelus Miles

MOTION:

(1) Defendants' Motion to Quash and for Protective Order (Rec. doc. 68).
(2) Defendants' Supplemental and Amended Motion to Quash and for Protective Order (Rec. doc. 74).
(3) Plaintiff's Motion to Compel Discovery Responses (Rec. doc. 85).
(4) Defendants' Motion to Quash and for Protective Order (Rec. doc. 87).
(5) Plaintiffs' Motion to Compel Deposition of Non-Party Witness and for Civil Contempt (Rec. doc. 92).

   5   :     Continued to November 12, 2014 at 11:00 a.m.

1, 2, 5 :    No opposition

  3, 4  :    Opposition

MJSTAR(01:05)

**ORDERED**

\_\_\_\_\_ :     Dismissed as moot.

\_\_\_\_\_ :     Dismissed for failure of counsel to appear.

  1, 2  :     Granted as unopposed.

\_\_\_\_\_ :     Denied.

  3, 4  :     Other.

3:  The Sheriff is to formally respond to Plaintiff's second set of requests for production of documents by the close of business on October 31, 214.  The documents so produced are to be bates numbered.  Any documents that are withheld on the basis of privilege are to be provided to the Court for an *in camera* inspection.

4:  The depositions that were scheduled for October 15, 2014 are quashed.  Upon proper notice (at least fourteen days) and coordination with opposing counsel, Plaintiff may re-notice the depositions of Pat Dunn and Chief Pevey to go forward on dates and times that are agreeable to all concerned.  However, based upon the record as it is presently constituted, the Court declines to allow the deposition of Ms. Thomas to go forward.  Plaintiff has already been furnished with the employment records of Crane Wolf from the Tangipahoa Parish Sheriff's Office.  The subpoenas directed to other employees of Mr. Wolf are quashed as are the subpoenas for Mr. Wolf's medical records.  The subpoena seeking Mr. Wolf's AT&T phone records is also quashed; however, Plaintiff may re-issue that subpoena provided that it is limited to phone records from the night of the incident in question.  Any records produced pursuant to that subpoena shall be subject to a protective order to be entered into among the parties.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE