UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE BEARD | CIVIL ACTION |
| VERSUS | NO: 13-4772 |
| CRANE PAUL WOLF, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 71)** filed by Plaintiff, Janice Beard. Defendants, Sheriff Daniel Edwards and Crane Wolf, oppose the motion. The motion, noticed for submission on October 22, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

### I.   Background

Plaintiff Janice Beard brings this action pursuant to 42 U.S.C. § 1983 against defendants Deputy Crane Paul Wolf and Sheriff Daniel Edwards, both of Tangipahoa Parish.

This action arises out of plaintiff Janice Beard's arrest on February 22, 2013. Beard was a passenger in a vehicle that was attempting to exit a parking spot at a bar located in Hammond, Louisiana. (Comp. ¶ 6). The vehicle made contact with another vehicle and someone called 911. Defendant Wolf responded to the call. Beard contends that Wolf was belligerent and for no apparent reason pulled her from the vehicle, maced her, and threw her to the ground. (*Id.* ¶ 10). Beard contends that she was then arrested without probable cause and subjected to excessive force in the process. (*Id.* ¶¶ 11-2).

Beard alleges that she was denied timely medical treatment and food service while being held at the jail, and deprived of her personal belongings because she lacked the cash fee

1

to obtain them. (*Id.* ¶¶ 13-14, 18). The complaint against Wolf and the official capacity claims against Sheriff Daniel Edwards are brought pursuant to § 1983 and state law.

Plaintiff was charged with resisting an officer, battery of a police officer, and disturbing the peace. (Rec. Doc. 45, Fourth Amended Complaint ¶ 80). Those charges were nolle prossed on April 28, 2014. Plaintiff later amended her complaint to join claims against the District Attorney for Tangipahoa Parish for malicious prosecution. The Court dismissed those claims on July 23, 2014 (Rec. Doc. 64).

A jury trial in this matter is scheduled to commence on February 9, 2015. (Rec. Doc. 63).

Beard now moves for partial summary judgment on the issue of liability. The crux of Beard's argument is that her version of the events on February 22, 2013, entitles her to judgment as a matter of law.

## II. Discussion

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing*

Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Beard's motion for summary judgment fails because the facts surrounding her arrest and its aftermath are in dispute. Crane's testimony regarding Beard's arrest clearly creates an issue of fact. Beard's summary judgment "evidence" comprises hand-picked portions of the record and other inadmissible evidence that she believes support her version of events.[1] Defendants are entitled to have a jury weigh Beard's credibility, and that of her witnesses, to determine which of the vastly differing versions of events is the more credible one. The Court cannot do this on summary judgment. Beard is not entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 71)** filed by Plaintiff, Janice Beard is **DENIED**.

December 16, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Beard has submitted an affidavit and expert report from W. Lloyd Grafton, who has an extensive background in law enforcement. (Rec. Doc. 71-7, Plaintiff's Exhibit D). None of the opinions that Grafton includes in the report are admissible at trial. It is the sole province of this Court to instruct the jury on the legal standards that govern police procedure and it will be the sole province of the jury to apply those standards to the facts of this case as the jury finds them. The Court will not allow any party to usurp those roles while employing the imprimatur of "expert." Moreover, this case is not complex. Expert testimony is neither necessary nor appropriate in light of the issues to be tried.