UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE BEARD | CIVIL ACTION |
| VERSUS | NO: 13-4772 |
| CRANE PAUL WOLF, ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 77)** filed by Defendants, Sheriff Daniel Edwards and Crane Wolf. Plaintiff, Janice Beard, has filed an opposition to the motion. The motion, noticed for submission on October 22, 2014, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

Also before the Court is Defendants' **Motion in Limine (Rec. Doc. 76)** to exclude evidence and testimony at trial pertaining to several topics. The motion was noticed for submission on October 22, 2014. Plaintiff has not responded to the motion. The Court finds Defendants' unrebutted arguments to be persuasive. The motion in limine will therefore be GRANTED in its entirety.

## I. Background

Plaintiff Janice Beard brings this action pursuant to 42 U.S.C. § 1983 against defendants Deputy Crane Paul Wolf and Sheriff Daniel Edwards, both of Tangipahoa Parish.

This action arises out of plaintiff Janice Beard's arrest on February 22, 2013. Beard was a passenger in a vehicle that was attempting to exit a parking spot at a bar located in Hammond, Louisiana. (Comp. ¶ 6). The vehicle made contact with another vehicle and someone called 911. Defendant Wolf responded to the call. Beard contends that Wolf was

belligerent and for no apparent reason pulled her from the vehicle, maced her, and threw her to the ground. (*Id.* ¶ 10). Beard contends that she was then arrested without probable cause and subjected to excessive force in the process. (*Id.* ¶¶ 11-2).

Beard alleges that she was denied timely medical treatment and food service while being held at the jail, and deprived of her personal belongings because she lacked the cash fee to obtain them. (*Id.* ¶¶ 13-14, 18). The complaint against Wolf and the official capacity claims against Sheriff Daniel Edwards are brought pursuant to § 1983 and state law.

Plaintiff was charged with resisting an officer, battery of a police officer, and disturbing the peace. (Rec. Doc. 45, Fourth Amended Complaint ¶ 80). Those charges were nolle prossed on April 28, 2014. Plaintiff later amended her complaint to join claims against the District Attorney for Tangipahoa Parish for malicious prosecution. The Court dismissed those claims on July 23, 2014 (Rec. Doc. 64).

A jury trial in this matter is scheduled to commence on February 9, 2015. (Rec. Doc. 63).

Defendants now move for partial summary judgment on several issues, each of which the Court addresses below.

## II. Motion for Summary Judgment

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable

inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The Court begins by noting that Plaintiff's opposition to Defendants' motion is for the most part unresponsive to the specific arguments that Defendants are making. The opposition not only fails in large part to address Defendants' arguments, but it also includes arguments in opposition to issues that clearly have not been raised, and to claims that are not part even part of this lawsuit.[1] Plaintiff's opposition totals 546 pages yet the briefing contains only two citations to the exhibits.[2] The party opposing summary judgment must do so by citing to specific evidence in the record. *Willis v. Cleo Corp.*, 749 F.3d 314, 317 n.3 (5th Cir. 2014) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). That party must also explain the "precise manner" in which that evidence supports her argument. *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527,1536 (5th Cir. 1994)). Rule 56 does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to

---

[1] For instance, at pages 11-13 of the Opposition Plaintiff unexplicably argues about First Amendment retaliation, which is not part of this case. Plaintiff also spent much of her opposition arguing the merits of the excessive force and false arrest claims vis à vis Wolf in his individual capacity. But those claims are not at issue in Defendants' motion.

[2] On October 22, 2014, the Court ordered counsel for Plaintiff to deliver a hard copy of the Opposition to chambers. (Rec. Doc. 98). The Court expressly instructed that the copy was to be tabbed but counsel ignored this instruction. The Court was provided 546 loose, unbound pages that have been difficult to use.

summary judgment. *Id.* at 317 (quoting *Ragas*, 136 F.3d at 458).

***A. Official Capacity Claims***

Plaintiff has sued Sheriff Edwards in his official capacity only, and she has sued Deputy Wolf in both his official and individual capacities. (Rec. Doc. 3; Amended Comp. ¶ 3(A)-(C)). Official capacity suits represent another way of pleading an action against an entity of which an officer is an agent. *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, all of the official capacity claims in this action are against the Sheriff of Tangipahoa Parish.

The sole claim that the Court addresses for purposes of the official capacity claims are the Fourth Amendment claims for false arrest and excessive force. See the discussion *infra* regarding rights listed in the pleadings but that are not implicated under the facts of this case.

The official capacity claims are governed generally by the principles of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Under *Monell,* for a municipality to be liable for the constitutional violations of one of its employees, the plaintiff must offer proof of a policy or custom that was the moving force behind the claimed constitutional violation. *Duvall v. Dallas County Tex.*, 631 F.3d 203, 210 (5th Cir. 2011) (citing *Monell*, 436 U.S. at 694).

In her opposition, Plaintiff points to no evidence to support the inference that the Sheriff had an official policy or custom of allowing officers to use excessive force and to arrest citizens without probable cause, much less one that was the moving force behind Plaintiff's injuries.

Plaintiff asserts in her opposition that she should be granted a continuance on Defendants' motion and she makes reference to outstanding discovery requests but she does not describe what she expects to discover at this late date. The Court notes that no motions to compel are pending and Plaintiff's most recent motion before the magistrate judge was

dismissed due to Plaintiff's counsel's failure to appear for the hearing. (Rec. Doc. 111; Minute Entry 11/19/14). Plaintiff did have a motion to compel pending but that motion was likewise dismissed because once again counsel did not appear. (Rec. Doc. 109; Minute Entry 11/12/14). Plaintiff has not demonstrated cause for delaying resolution of Defendants' motion so no continuance will be granted.

Plaintiff has failed to create an issue of fact as to a policy or custom that was the moving force behind her alleged injuries. The motion for summary judgment is GRANTED as to this claim.

Plaintiff also asserts a failure to train/supervise claim as one of her theories of official capacity liability. To succeed on a failure to train claim the plaintiff must demonstrate that 1) the municipality's training policy procedures were inadequate, 2) the municipality was deliberately indifferent in adopting its training policy, and 3) the inadequate training policy directly caused the plaintiff's injuries. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citing *Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996)). A § 1983 failure to supervise claim requires proof that 1) the supervisor failed to supervise the officer; 2) a causal link exists between the failure to supervise and the violation of the plaintiff's rights; and 3) the failure to supervise amounts to deliberate indifference. *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (citing *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)). To establish deliberate indifference the plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation. *Id.* (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)).

In her opposition Plaintiff suggests that Wolf was unable to testify regarding his general understanding of the Sheriff's policies.[3] Plaintiff points out, without citation to any

[3] This assertion contains one of the two citations to the Opposition's exhibits contained in the entire memorandum. The specific deposition pages cited, however, are not included with the

evidence or reference to any details, that Wolf had a prior disciplinary history. These arguments do not address the culpability of the Sheriff as a moving force behind any violation. Plaintiff has failed to create an issue of fact as to a failure to train/supervise claim. The motion for summary judgment is GRANTED as to these theories of liability.

***B. Miscellaneous Claims***

The Original and Amended Complaints contain references to various rights and causes of action that are not implicated under the facts of this case. Defendants have moved to dismiss any claims under the Second, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff has not responded to this aspect of the motion. Thus, the motion for summary judgment is GRANTED as to any claims brought under these Amendments.

Any purported separate claim for invasion of privacy is likewise DISMISSED.

***C. Claims Under 42 U.S.C. § 1981, 1985(3), and 1986***

Defendants move for summary judgment on any claims asserted under §§ 1981, 1985(3), and 1986. Section 1981 prohibits intentional racial discrimination in the making and enforcing of contracts. *Runyon v. McCrary*, 427 U.S. 160, 168 (1976); *Oden v. Oktibbeha Cnty.*, 246 F. 3d 458, 463 (5th Cir. 2001).[4] This provision is not implicated under the facts of

---

excerpts that are Exhibit B, at least not in the copy provided to the Court.

[4] 42 U.S.C. § 1981, entitled Equal Rights Under the Law, provides:

(a) Statement of equal rights

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

> For purposes of this section, the term "make and enforce contracts" includes

this case.

Section 1985 is a civil conspiracy statute.[5] The law in this circuit recognizes that a §

---

> the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

[5] 42 U.S.C. § 1985(2), entitled Obstructing Justice; Intimidating Party, Witness, or Juror, provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(3), entitled Depriving Persons of Rights or Privileges, provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set

1985(2) or (3) claim must be grounded on racial animus. *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000) (citing *Newberry v. East Tex. State Univ.*, 161 F.3d 276, 281 n.2 5th Cir. 1988)); *Mitchell v. City of Sugar Land*, No. 10-223, 2011 WL 1156253, at *8 (S.D. Tex. Mar. 25, 2011) (citing *Wong v. Stripling*, 881 F.2d 200, 202-03 (5th Cir. 1989)).

Plaintiff produces no evidence whatsoever that race played a factor in Wolf's conduct, much less that he conspired with others to do it. Further, a municipality cannot as a matter of law enter into a conspiracy. *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 988 (E.D. Tex. 2005); *Mitchell*, 2011 WL 1156253, at *8 (citing *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Hiliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)). Plaintiff has no plausible claim under § 1985. And §1986 does not provide an independent cause of action but instead requires the existence of a valid claim under § 1985.[6] *Bradt v. Smith*, 634 F.2d 796,

---

> forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

[6] 42 U.S.C. § 1986, entitled Action for Neglect to Prevent, provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit

799 n.3 (5th Cir. 1981).

The motion for summary judgment is GRANTED as to any claims under §§ 1981, 1985, and 1986.

***D. State Law Claims***

To recover for intentional infliction of emotional distress under Louisiana law, a plaintiff must establish 1) that the conduct of the defendant was extreme and outrageous; 2) that the emotional distress suffered by the plaintiff was severe; 3) and that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. *Stevenson v. Lavalco, Inc.*, 669 So. 2d 608, 611 (La. App. 2nd Cir. 1996) (citing *White v. Monsanto, Co.*, 585 So. 2d 1205 (La. 1991)).

Defendants point out that Plaintiff has not sought any type of psychiatric or other psychological help as a result of the encounter with Wolf. Plaintiff fails to point to any competent evidence to create an issue of fact on this claim, particularly with respect to the requirement of severe emotional distress. The motion for summary judgment is GRANTED as to this claim.

Defendants move for summary judgment on any claims that Plaintiff might have asserted for abuse of process and malicious prosecution. Plaintiff did not address this aspect of Defendants' motion in her opposition. The motion for summary judgment is GRANTED as to these claims.

## III. Motion in Limine

Plaintiff has not filed an opposition to Defendants' motion in limine. The Court finds

---

> of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

merit to the motion, which will be granted in its entirety, and the following evidence will be excluded at trial: 1) references to drug usage and/or shooting up the crowd; 2) references to a lost wage claim (including any expert testimony in this area); 3) accident reconstruction (including any expert testimony in this area); 4) expert Lloyd Grafton; and 5) references to settlement.

## IV. Conclusion

All federal claims are dismissed against Defendants in their official capacities. The only federal claims remaining for trial are Beard's Fourth Amendment claims against Wolf in his individual capacity for excessive force and false arrest. The supplemental state law tort claims asserted against Wolfe personally, and against the Sheriff vicariously, for excessive force and false arrest, also remain for trial. Expert testimony for purposes of establishing liability will not be admitted.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 77)** filed by Defendants, Sheriff Daniel Edwards and Crane Wolf, is **GRANTED** as explained above;

**IT IS FURTHER ORDERED** that the **Motion in Limine (Rec. Doc. 76)** filed by Defendants, Sheriff Daniel Edwards and Crane Wolf, is **GRANTED** as explained above.

December 17, 2014

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE