UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE BEARD                                                                CIVIL ACTION

VERSUS                                                                          NO: 13-4772

CRANE PAUL WOLF, ET AL.                                          SECTION: "A" (5)

**ORDER**

Defendants' **Second Motion to Strike (Rec. Doc. 154)** is **GRANTED** as to all witnesses designated "May Call" on Plaintiff's July 16, 2015 Witness List (Rec. Doc. 150). At the pretrial conference the Court was specific as to the purpose of the "Will Call" list, and the Court's Pretrial Conference Minute Entry expressly admonishes that any witness whose name does not appear on the Will Call list will not be allowed to testify at trial. (Rec. Doc. 149 at 5).

Defendants' **Motion in Limine Regarding Witnesses (Rec. Doc. 163)** is now **MOOT** as to the witnesses that Plaintiff designated as May Call. The issues with Drs. Hatzis and Bowlin will be addressed separately as part of Defendants' objections to deposition testimony.

In her opposition to this motion, Plaintiff alludes to an insurance adjuster for the Sheriff which the Court found perplexing because Plaintiff has not asserted a claim against the Sheriff's insurer, and the Sheriff has not sued his insurer for indemnity.[1] In short, no insurance company is a party to this proceeding. Therefore, both parties should understand that Contested Issue of Law 9(G) at page 10 of the Joint Pretrial Order (Rec. Doc. 148), *i.e.,*

---

[1] Plaintiff tried to bring in Columbia Casualty in as a defendant (Rec. Doc. 101, Deficient Second Amended Complaint) but Plaintiff failed to appear at the hearing before the magistrate judge. Because Defendants opposed the amendment, the motion to amend to bring in another party was dismissed. (Rec. Doc.111)

Ruling on Witness Motions (154 & 163)                    1

"Whether TPSO's insurance policy provides coverage, which depends upon the jury's basis for any determination of liability," <u>will</u> not be tried before this Court, and interrogatories specific to this issue that do not pertain to the causes of action being tried will not be added to the verdict form as doing so would only confuse the jury. <u>Counsel shall make no reference to insurance during the trial</u>.

The motion is **GRANTED** as to Sheriff Daniel Edwards who was not present for the incident between Beard and Wolf. The motion is **GRANTED** as to Captain Don Alexander who was not present for the incident and has no admissible evidence to offer.[2]

August 6, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff does not allude to a purpose for calling Alexander as a witness. The Court assumes, based on its review of the objections to exhibits (and responses) and motion in limine (and response), that the purpose of calling Don Alexander would be to relate what other witnesses told him regarding the incident with Wolf when Alexander attempted an internal investigation. All of those witness statements are hearsay within hearsay and the Court is excluding them.

Ruling on Witness Motions (154 & 163)           2