UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANICE BEARD | CIVIL ACTION |
| VERSUS | NO. 13-4772 |
| DEPUTY CRANE PAUL WOLF, ET AL.. | SECTION A(5) |

## ORDER AND REASONS

Before the Court is Plaintiff's **Motion for New Trial (Rec. Doc. 182)**, which was submitted for consideration on September 23, 2015. Defendant opposes the motion (Rec. Doc. 184). The motion is before the Court on the briefs without oral argument.

On August 11, 2015, the jury rendered a verdict against Plaintiff on all of her claims (excessive force, battery, and unlawful arrest). Plaintiff moves the Court for a new trial arguing that the jury's verdict was contrary to the evidence.

At the outset, Plaintiff takes issue with the jury's answers to Jury Interrogatory I regarding 42 U.S.C. § 1983 because the jury answered "No" to the question of whether Plaintiff established an injury. (Rec. Doc. 178-1 at 1). According to Plaintiff, she undisputedly sustained an injury because the unrefuted trial depositions of several physicians established an injury.

Because an arrest generally involves some level of "force" or physical contact between a police officer and the arrestee, the presence of an "injury" is a threshold requirement for any § 1983 excessive force claim. Without such a requirement, every arrestee who subjectively believed that the police used too much force during an arrest would have standing to bring a § 1983 excessive force claim regardless of injury. Hence, the pattern jury charges for this circuit expressly make "injury" an enumerated

element of a § 1983 excessive force claim, and the verdict form in this case was drawn directly from the pattern charges. But just as excessive use of force in the absence of injury is not actionable, neither is mere injury—regardless of how severe—in the absence of force that was excessive to the need and objectively unreasonable under the circumstances. The crucial issue that the jury was called upon to determine in this case was not whether Plaintiff had sustained an injury but rather whether Crane Wolf had used objectively unreasonable excessive force in bringing about Beard's injury. The jury emphatically answered this inquiry in the negative after considering Beard's and Wolf's contradictory accounts of how the events unfolded in the parking lot on the night of February 22, 2013. In making its determination the jury weighed the credibility of Beard and Wolf and the jury obviously found Wolf to be the more credible of the two parties. The jury's verdict was not contrary to the great weight of the evidence. The same reasoning applies to Beard's claims for state law battery and unlawful arrest.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion for New Trial (Rec. Doc. 182)** is **DENIED.**

September 29, 2015

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE